```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

_____

SHERRY MOORE,

        Plaintiff,           Civil No.
                                      13-6614(NLH/JS)

v.

                                        **OPINION**

RAND BEERS, ACTING SECRETARY,
U.S. DEPT OF HOMELAND SECURITY,

        Defendant.

_____

**APPEARANCES:**

WILLIAM B. HILDEBRAND, LLC
36 TANNER STREET, SUITE 300
HADDONFIELD, NJ  08033
    On behalf of plaintiff

ANNE B. TAYLOR
ASSISTANT U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
& U.S. COURTHOUSE
401 MARKET STREET, 4th FLOOR
CAMDEN, NJ  08101-2098
    On behalf of defendant

**<u>HILLMAN</u>, District Judge**

     This case concerns allegations of employment discrimination. Presently before the Court is the motion of defendant to dismiss plaintiff's complaint.  For the reasons expressed below, defendant's motion will be granted, and plaintiff shall be afforded 30 days to file an amended complaint.

## BACKGROUND

Plaintiff, Sherry Moore, is an African-American female who, since 1997, was employed as an Immigration Enforcement Agent by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), at the Marlton, New Jersey Sub-Office for Detention and Removal Operations.  Plaintiff has asserted claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., against defendant Rand Beers, former acting Secretary of DHS,[1] for conduct that she alleges constitutes unlawful race discrimination and retaliation.

Plaintiff's complaint identifies two incidents of alleged discrimination that occurred between March and May 2006. Plaintiff claims that sometime between March and May 2006, her second-line supervisor, Christopher Croteau, who is Caucasian, ordered plaintiff and another African-American female employee to transport a female detainee to her home in Camden, New Jersey in order for the detainee to breastfeed one of her four children.  Plaintiff claims that it was standard practice that ICE would inform the local police that ICE was going to be operating in the area to protect the ICE agents' safety. Plaintiff contends that her supervisors did not follow this

---

[1] Jeh Johnson is now the Secretary of Homeland Security, and he is the proper defendant in this action.

procedure when plaintiff was ordered to transport the detainee in an easily identifiable white van with government tags to an area that was known for drug and gang activity. Plaintiff claims that Caucasian employees were never given similar, unsafe assignments.

The second alleged discriminatory incident occurred in May 2006, when Croteau ordered plaintiff's direct supervisor, Adam Garcia, to assign her to three dangerous surveillance missions in Camden. Plaintiff contends that she was stationed in a white government van, while agents from Fugitive Operations worked undercover in plain clothes and unmarked vehicles. Plaintiff complained to her supervisors that the assignment was unnecessarily dangerous, but it was only until another employee, identified in the complaint only as "Castillo," complained about the dangerousness of the assignments that they were cancelled.

Plaintiff claims that she was placed on these assignments because she is African-American, and in retaliation of a race discrimination charge she filed with the EEOC in 2004 against Croteau and Garcia. Defendant has moved to dismiss plaintiff's complaint, arguing that plaintiff has failed to state any valid claims because she has not articulated that she suffered any adverse employment action. Defendant also argues that plaintiff has not stated a valid retaliation claim because her EEOC activity occurred two years before the alleged retaliation.

3

Even though counsel has appeared on behalf of plaintiff and has filed an opposition to defendant's motion, plaintiff originally filed her complaint *pro se*. Plaintiff argues that her complaint is sufficient, but in the event her complaint is deemed deficient, plaintiff asks that she be permitted to file an amended complaint, a copy of which she provides. Her brief and proposed amended complaint contain additional allegations of discrimination, and plaintiff also attaches an affidavit and emails to support her new claims. Defendant argues that plaintiff failed to follow proper procedure by not seeking leave to file an amended complaint, and that her extraneous attachments cannot be considered. Aside from those flaws, defendant also argues that plaintiff has failed to refute that she did not suffer any adverse employment actions or retaliatory conduct. Moreover, although defendant is not moving to dismiss on this basis, defendant also notes that plaintiff's claims are most likely time-barred because she did not timely exhaust her EEOC remedies for the two incidents complained of in her complaint.

## DISCUSSION

### A. Jurisdiction

Plaintiff brings claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e et seq.  This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

  B. **Standard For Motion To Dismiss**

  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual

6

matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

     A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C.   Analysis**

Plaintiff's current complaint attempts to set forth two types of Title VII claims.  With regard to her discrimination claim, in order to state a valid claim for disparate treatment on the basis of race, plaintiff must show: (1) she belongs to a protected class; (2) she suffered some form of adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination.  Barnett v. New Jersey Transit Corp., 573 F. App'x 239, 243 (3d Cir. 2014) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)) (other citations omitted).  An adverse or "tangible" employment action is "'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"  Id. (quoting Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, (1998)).

As to plaintiff's retaliation claim, to establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."

8

Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation omitted).

With respect to "protected activity," the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the "participation clause") and those who oppose discrimination made unlawful by Title VII (the "opposition clause"). Id. (citation omitted). For the "adverse employment action" element, a plaintiff must show that a reasonable employee would have found the alleged retaliatory actions "materially adverse" in that they "'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Burlington Northern & Santa Fe Ry. Co., v. White, 548 U.S. 53, 67 (2006)) (explaining that the "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm").

To establish the third element, a plaintiff must show a causal connection between the plaintiff's opposition to, or participation in proceedings against, unlawful discrimination, and an action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Id. Additionally, a plaintiff must show that the temporal proximity of the protected activity and the employment action is "unduly suggestive." Deans v. Kennedy House, Inc., 587 F. App'x 731,

735 (3d Cir. 2014) (citing Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004)) (finding that the plaintiff's termination more than two months after he filed his second EEOC charge not so close as to be unduly suggestive).

As it stands now, plaintiff's complaint does not contain sufficient facts to show how a 2004 discrimination complaint with the EEOC is causally related to the March and May 2006 dangerous transportation and surveillance assignments, or how those assignments dissuaded her from making further discrimination charges. Similarly, even though it appears that plaintiff believes that her supervisors compromised her safety on those two assignments because of her race, plaintiff has failed to articulate how she suffered an "injury" to constitute the requisite "adverse employment action." See, e.g., Burlington Northern, 548 U.S. at 63, (explaining the distinction between the anti-discrimination and anti-retaliation provisions of Title VII: "The substantive provision seeks to prevent injury to individuals based on who they are, i.e., their status. The antiretaliation provision seeks to prevent harm to individuals based on what they do, i.e., their conduct."); Franks v. Bowman Transp. Co., Inc., 424 U.S. 747, 763 (1976) ("[O]ne of the central purposes of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination." (citation and quotation omitted)).

Plaintiff's complaint must therefore be dismissed.  The supplemental allegations in her opposition brief, the extraneous documents, and the attached amended complaint cannot save the state of her current complaint.  The Court recognizes, however, that plaintiff originally filed her complaint while appearing *pro se*, and the Third Circuit not only has a liberal standard for allowing amended complaints, but that lenient standard is amplified in civil rights matters.  See <u>Dole v. Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990) (explaining that the Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities); Fed. R. Civ. P. 15(a)(2) (the Court "should freely give leave when justice so requires"); <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

Consequently, the Court will allow plaintiff to file an amended complaint, to which defendant shall respond appropriately, either by filing an answer, or filing a motion pursuant to Rule 12.  Plaintiff is reminded that she must properly state her claims under the Rule 8 and <u>Twombly/Iqbal</u>

pleading standards, and be mindful of the prima facie elements for any revised discrimination and retaliation claims. Moreover, plaintiff, and her counsel, are under the obligation to consider the proper time periods for advancing Title VII claims.  See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002) ("We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period - 180 or 300 days - set forth in 42 U.S.C. § 2000e-5(e)(1).  A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted) (explaining that if the EEOC finds that that it sees no reason to take action on the complaint, it will issue a "right-to-sue" letter; a complainant cannot file a Title VII suit without having first received a right-to-sue letter, and the suit must be filed within 90 days of the date on which the complainant receives the right-to-sue letter).

## CONCLUSION

For the reasons expressed above, defendant's motion to dismiss plaintiff's complaint will be granted.  Plaintiff shall

be afforded 30 days to file an amended complaint consistent with this Opinion.

    An appropriate Order will be entered.


Date: August 3, 2015                        s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

13